UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KURTIS LAW,

                Plaintiff,                          Case No. 1:13-cv-471

v.                                                    Honorable Gordon J. Quist

DANIEL H. HEYNS et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Clinton County Jail but complains of events that occurred at the Newberry Correctional Facility (NCF).[1] In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Daniel Heyns and NCF Classification Director Unknown Party.

Plaintiff asserts that Defendants violated his constitutional rights, as follows:

On Nov. 26, 2012 I was packed up and on Nov. 26, 2012, was transferred to Level 2 at Kinross Corr. Facility on my way to Clinton Co. Jail.

While walking to dinner at 6:30 p.m. I was stabbed in the right side of the face by "Mark Moore" just below the eye and was seen by an RN, John Do[e], in A-unit where the RN put a band aid on the wound and I remained in A-unit [until] he was transferred to Clinton Co. Jail.

The Director signed the Order to Transfer or had a subordinate give the Classification Director at Newberry the authority to transfer me without giving me 24 hour notice of intent to conduct an administrative hearing before a hearing officer. The classification was done in violation of my due process rights and in violation of the administrative rules governing the procedural due process rights entitled to every inmate before a significant right or a specific punishment is imposed or right violated.

I had a right to be free from harm and a reasonable expectation that my rights would be protected to be free from harm at the hands of prison classification total disregard for my rights of due process, when the Director had the rules promulgated for that purpose. The neglect of prison administrators to comply with these rules placed me in [immediate] danger of serious great bodily harm and the result was a significant risk existed when the rules were disregarded to place me at a facility that had a potential advantage of causing me harm, whether known or unknown enemies existed without the defendants knowledge. The fact remains that I sustained a harm that was due to the refusal of defendants to follow the rules.

I submitted a written notice to the defendant on March 23, 2013 to investigate and resolve this matter because my grievance rights were revoked as result of

---

[1] Plaintiff also asserts allegations concerning events at the Kinross Correctional Facility (KCF). It is unclear from Plaintiff's complaint where he was housed first, NCF or KCF.

D.O.M. 2012-24 and thus my exhaustion of remedies have been complied with under the statute and rules and D.O.M. 2012-7, see copy of Plaintiff Notice attached.

(Compl., docket #1, Page ID#3.)[2]

Plaintiff alleges that Defendants violated his due process rights when they classified him to administrative segregation and transferred him to another prison. Reading Plaintiff's complaint liberally, he also seems to claim a violation of his Eighth Amendment rights when Defendants failed to protect him from the inmate that stabbed him. *See Haines*, 404 U.S. at 520. Finally, Plaintiff argues that Defendants violated MDOC administrative rules.

For relief, Plaintiff requests monetary damages.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

---

[2] Plaintiff does not list RN John Doe as a Defendant in this action.

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process Clause

Plaintiff alleges that NCF Classification Director John Doe violated his due process rights by placing him in administrative segregation and transferring him to another prison. Plaintiff also claims that MDOC Director Heyns wrongfully signed a transfer order and/or gave the transfer order to Classification Director John Doe.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Without a

protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due

process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).

In summary, Plaintiff fails to state due process claims for his placement in administrative segregation or his transfer to another facility.

###     B.    Eighth Amendment

Reading Plaintiff's complaint liberally, he seems to allege that Defendants violated his Eighth Amendment rights by transferring him to another prison where an inmate assaulted him. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety"). Assuming that all of the allegations in the complaint are true, however, Plaintiff cannot make such a showing. There are no allegations indicating that Plaintiff was at risk of being attacked by an inmate when he was transferred, much less that Defendants were aware of

this risk and deliberately ignored it. Accordingly, Plaintiff fails to state an Eighth Amendment claim.

### C. State Law

Plaintiff claims that Defendants violated MDOC administrative rules. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 17, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE